12-4796-cr
United States v. Morris

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of December, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DENNY CHIN,
                  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

             *Appellee*,

        -v-                                              12-4796-cr

KEVIN MORRIS AKA RODNEY WILLIAMS,

             *Defendant-Appellant*.[1]

---

Appearing for Appellant:     Theodore S. Green, Green & Willstatter, White Plains, N.Y.

Appearing for Appellee:      Scott A. Hartman, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, Brent S. Wible, Assistant United States Attorney, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

---

[1] The Clerk of Court is respectfully directed to amend the case caption as indicated above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Kevin Morris appeals from a March 7, 2013 judgment of the United States District Court for the Southern District of New York (Karas, *J.*), revoking Morris's term of supervised release and sentencing him to a term of fourteen months of imprisonment, to be followed by twenty-two months of supervised release.

On appeal, Morris asserts that the district court's imposition of a fourteen-month term of imprisonment is substantively unreasonable, and that the district court accorded "undue weight" to conduct other than that to which he admitted at the revocation hearing. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a sentence imposed for a violation of supervised release for reasonableness, which amounts to a review for abuse of discretion. *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190. In sentencing a defendant for a violation of supervised release, a district courts is afforded "broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997) (internal quotation marks omitted).

Although the district court mentioned other conduct aside from the specific conduct to which Morris pleaded guilty—i.e., leaving the judicial district on May 14, 2012 without permission—the court's statement of reasons for imposing that particular sentence were clearly related to Morris's "flout[ing of] the law" when he traveled to Virginia without obtaining permission. That he also happened to have been using a different alias, that of Mr. Rodney Williams, is not only relevant to the traveling violation, but also explains how Morris was able to leave the district without detection, and provides further support for the court's finding that Morris had a "continued disrespect . . . [for] the law." This is consistent with the United States Sentencing Commission policy statement that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG ch. 7, pt.A, intro. comment 3(b). Further, the district court's statements on the record evince a clear understanding of the conduct to which Morris had admitted and which was the subject of the revocation hearing: "[t]he bottom line is that Mr. Morris left the jurisdiction using an identification from Delaware in somebody else's name and went to Virginia."

Further, Morris's fourteen-month sentence falls well within the range of reasonable sentences for someone of his Criminal History Category (VI) and the level of his violation (C). The record reflects that Probation had requested that Morris be re-sentenced to eighteen months of imprisonment, followed by six months of supervised release. Moreover, 18 U.S.C. § 3583(e) provides that "after considering the factors set forth in section 3553(a)," the district court "may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute . . . if the court . . . finds by a preponderance

2

of the evidence that the defendant violated a condition of supervised release." The district court clearly stated its reasons for imposing a sentence at the top of the range provided by the relevant Sentencing Commission policy statement. The reasons—which included "specific deterrence" and the fact that Morris was a "menace to others"—evince the district court's consideration of the Section 3553(a) factors. We conclude that there was no abuse of discretion in the district court's imposition of an additional term of fourteen months of imprisonment for Morris's violation of supervised release, and we therefore affirm the decision of the district court.

We have considered Morris's remaining arguments and find they are without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3